IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-CV-2022

GS HOLISTIC, LLC,

Plaintiff(s),

v.

THE PIPE JOINT LLC d/b/a THE PIPE JOINT,
and LISA AJOUR,

Defendant(s).

---

**SCHEDULING ORDER**

---

**1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES**

*[Provide the date of the conference and the names, addresses, and telephone numbers of counsel for each party and each pro se party. Identify by name the party represented by each counsel.]*

The Conference was held on December 15, 2023, via email. The parties in attendance are Ken Falkenstein acting as local counsel for the Plaintiff and Nadav Aschner acting as counsel for the Defendants.

Ken Falkenstein, counsel for the Plaintiff's telephone number is 303-999-9000 and his addresses is, 6377 S. Revere Parkway, Suite 400 Centennial, Colorado 80111.

Nadav Aschner, counsel for the Defendants, telephone number is 720-663-0558 and his address is, 600 S. Cherry St., Ste. 314 Denver, CO 80246.

## 2. STATEMENT OF JURISDICTION

*[Provide a concise statement of the basis for subject matter jurisdiction with appropriate statutory citations. If jurisdiction is denied, give the specific reason for the denial.]*

This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement, counterfeiting, and false designation of origin and unfair competition pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). No issues exist regarding personal jurisdiction or venue.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*[the specific claims and legal principles underlying the claims]*

a. Plaintiff: This is a civil action against the Defendants for trademark infringement, counterfeiting, and false designation of origin and unfair competition, under the Lanham Act (15 U.S.C. § 1051 et. seq.).

b. Defendants: Plaintiff has asserted boilerplate allegations against Defendants that provide virtually no substantive facts which put Defendants on notice of their allegedly infringing conduct. Plaintiff has not identified the basis for which it asserts that the single purportedly infringing product the defendant entity sold is counterfeit, nor has Plaintiff provided any factual allegation beyond conclusory formulaic assertions that Defendants' conduct was willful and deliberate, among many other deficiencies. Plaintiff's

complaint is frivolous, groundless, vexatious, meant only to elicit an exorbitant settlement, and should be dismissed with prejudice.

c. Other Parties: None

*[Provide concise statements of all claims or defenses. Each party, in light of formal or informal discovery undertaken thus far, should take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 11 and 16(c)(2)(A). Do not summarize the pleadings. Statements such as defendant denies the material allegations of the complaint" are not acceptable.]*

## 4. BASES FOR AFFIRMATIVE DEFENSES

*[the factual and legal bases for any affirmative defenses]*

Defendants have yet to answer or otherwise respond to the Complaint, and their investigation is ongoing, but at this early stage, Defendants plan to assert affirmative defenses including, but not limited to: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Plaintiff's claims are barred by its failure to mitigate damages; (3) Plaintiff's alleged damages are due to Plaintiff's own actions or inactions; (4) Plaintiff's claims are barred because Plaintiff has acted in bad faith and with unclean hands; (5) Plaintiff's claims are barred because of Plaintiff's own conduct, or by the conduct of its agents, representatives, and/or consultants; (6) Plaintiff's claims are barred by the doctrine of laches; (7) estoppel; (8) trademark functionality; (9) absence of a likelihood of confusion; and (10) Plaintiff's claims are substantially groundless, substantially frivolous, and substantially vexatious, entitling Defendants to recover their costs and attorneys' fees.

## 5. UNDISPUTED FACTS

The following facts are undisputed:

None.

*[When the parties have the Rule 26(f) meeting, they should make a good-faith attempt to determine which facts are not in dispute.]*

## 6. COMPUTATION OF DAMAGES

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(A)(iii). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

The Plaintiff seeks statutory damages; treble damages; disgorgement of profits; costs of suit; injunction; and accounting. The range for statutory damages for the use of counterfeit marks is $1,000 to $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just, and if the court finds that the use was willful, up to ten (10) times that amount. The Plaintiff seeks the full amount of statutory damages awardable for willful infringement, plus costs, at this time.

Defendant's' Statement: Plaintiff is not entitled to any of the damages alleged. Defendants have not yet filed a responsive pleading, though likely do not intend to assert counterclaims. Defendants will likely seek attorneys' fees.

## 7. BASIS FOR THE SCHEDULE PROPOSED

*[the basis for the schedule proposed, particularly if the discovery deadline is set beyond six months from the Scheduling Conference]*

This Court advised the parties as to a model schedule during the hearing with Magistrate Judge Neureiter as follows:

12/8/23 deadline to circulate proposed scheduling order

12/15/23 deadline to file proposed scheduling order

12/15/23 deadline to amend complaint

1/12/24 deadline for Defendants' responsive pleadings to amended complaint

1/26/24 deadline for joinder of parties and amendments to pleadings

3/1/24 9:30am status conference/motions hearing (in person)

6/21/24 deadline for initial expert disclosures

7/23/24 deadline for rebuttal expert disclosures

8/30/24 discovery cutoff

9/27/24 deadline for dispositive motions

## 8. SPECIAL ISSUES FACING THE PARTIES

*[any special issues facing the Parties]*

None.

**9. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)**

a. Date of Rule 26(f) meeting.

December 15, 2023

(12/15/23 deadline to file proposed scheduling order)

b. Names of each participant and party he/she represented.

Ken Falkenstein, Attorney for the Plaintiff

Nadav Aschner, Attorney for the Defendant

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

On December 20, 2023, the Plaintiff will file a Corporate Disclosure Statement. The parties agree that Rule 26(a)(1) disclosures will be made on or before February 9, 2024.

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1)(C) or by the date set by court order, the parties must provide an explanation showing good cause for the omission.]*

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e. Statement concerning any agreements to conduct informal discovery:

None.

*[State what processes the parties have agreed upon to conduct informal discovery, such as joint interviews with potential witnesses or joint meetings with clients to discuss settlement,*

*or exchanging documents outside of formal discovery. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all pro se parties.]*

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

To the extent possible and where applicable, the parties will seek to utilize electronic documents.

*[Counsel and pro se parties are strongly encouraged to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case. Discovery and other litigation costs may be reduced, for example, through telephone depositions, joint repositories for documents, use of discovery in other cases, and extensive use of expert affidavits to support judicial notice. Counsel and pro se parties also will be expected to use a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over the trial of this case. Non-prisoner pro se parties are reminded that e-filing is available as one means to reduce expenses – see the Electronic Case Filing page of the Court's website.]*

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties anticipate that their claims and defenses will involve discovery of electronically stored information. The parties will exchange discovery via email by the date ordered by this Court.

*[In such cases, the parties must indicate what steps they have taken or will take to (I) preserve electronically stored information; (ii) facilitate discovery of electronically stored information; (iii) limit the associated discovery costs and delay; (iv) avoid discovery disputes relating to electronic discovery; and (v) address claims of privilege or of protection as trial-preparation materials after production of computer-generated records. Counsel should refer to the court's Electronic Discovery Guidelines and Checklist, available on the court's website HERE, and should describe any proposals or agreements regarding electronic discovery made at the Rule*

*26(f) conference and be prepared to discuss issues involving electronic discovery, as appropriate, at the Scheduling Conference.]*

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) meeting, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel carefully investigate their client's information management systems so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

While the parties have been unable to settle the case to date, the parties anticipate that settlement is plausible.

*[The parties are required by Fed. R. Civ. P. 26(f)(2) to have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. They must also report the result of any such meeting, and any similar future meeting, to the magistrate judge within 14 days of the meeting.]*

**10. STATUS OF ALTERNATIVE DISPUTE RESOLUTION**

*[the status of any alternative dispute resolution attempts]*

The parties do not anticipate engaging in ADR beyond direct settlement negotiations at this time and no ADR other than settlement negotiations directly between the parties has been attempted.

**11. CONSENT**

*[Pursuant to D.C.COLO.LCivR 40.1(c) and 72.2, all full-time magistrate judges in the District of Colorado are specially designated under 28 U.S.C. § 636(c)(1) to conduct any or all proceedings in any jury or nonjury civil matter and to order the entry of judgment. Parties consenting to the exercise of jurisdiction by a magistrate judge must complete and file the court-*

*approved Consent to the Exercise of Jurisdiction by a United States Magistrate Judge form.]*

*[Indicate below the parties' consent choice. Upon consent of the parties and an order of reference from the district judge, the magistrate judge assigned the case under 28 U.S.C.§ 636(a) and (b) will conduct all proceedings related to the case.]*

All parties X [have] □ [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 12. DISCOVERY LIMITATIONS

*[In the majority of cases, the parties should anticipate that the court will adopt the presumptive limitations on depositions established in Fed. R. Civ. P. 30(a)(2)(A)(i) and 33(a)(1). The parties are expected to engage in pretrial discovery in a responsible manner consistent with the spirit and purposes of Fed. R. Civ. P. 1 and 26 through 37. The parties are expected to propose discovery limits that are proportional to the needs of the case, the amount in controversy, the importance of the issues at stake in the action, and all other scope of discovery considerations. See Fed. R. Civ. P. 26(b)(1). The court must limit discovery otherwise permitted by the Federal Rules of Civil Procedure if it determines that "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1). " See Fed. R. Civ. P. 26(b)(2)(C).]*

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

*[If a party proposes to exceed the numerical limits set forth in Fed. R. Civ. P. 30(a)(2)(A)(I), at the scheduling conference they should be prepared to support that request by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C)]*

Per the Court's Order on November 17, 2023, the Court has set the following:

3 depositions for fact witnesses;

Depositions shall not exceed 7 hours for one deponent while all other fact depositions are limited to 4 hours.

For retained experts, depositions shall not exceed 7 hours.

The Parties are limited to 25 interrogatories, 25 requests for production, and 25 requests for admission.

b. Limitations which any party proposes on the length of depositions.

None.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.*[If the parties propose more than twenty-five (25) requests for production and/or requests for admission, at the scheduling conference they should be prepared to support that proposal by reference to the factors identified in Fed. R. Civ. P. 26(b)(2)(C).]*

None.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

July 26, 2024.

*[The parties are expected to serve interrogatories, requests for production and/or requests for admission on opposing counsel or a pro se party on a schedule that allows timely responses on or before the discovery cut-off date.]*

e. Other Planning or Discovery Orders

The Plaintiff will submit a stipulated protective order for Court approval prior to document production.

*[Set forth any other proposed orders concerning scheduling or discovery. For example, the parties may wish to establish specific deadlines for submitting protective orders or for filing motions to compel.]*

## 13. SCOPE OF ANTICIPATED ESI

*[the scope of anticipated Electronically Stored Information ("ESI")]*

The Plaintiff anticipates requesting any video recording footage, electronically stored records or other records that contain information relating to the Defendants acquisition and sale of counterfeits of the Plaintiff's products.

Defendants will seek all electronically stored records that contain information as to Plaintiff's manufacturing processes, marketing materials, and sales reports for its products, along with records of Plaintiff's investigation into the facts underlying this case, including Plaintiff's acquisition, storage, and chain of custody of the allegedly counterfeit product Defendants sold.

## 14. MANNER OF ESI EXCHANGE

*[the manner by which ESI will be exchanged;]*

Plaintiff: ESI will be produced in a readable format consistent with the manner in which it was stored (ie. Video recording should be produced in the form of a video that can be read by a typical video recorder).

Defendants: All electronically stored information shall be produced as searchable pdfs, in native format or concordance load files (.dat, .opt). Any party producing documents in .pdf format will do so in a manner that clearly identifies attachments to exhibits and in a manner that clearly identifies the beginning and ending of individual documents and items to avoid confusion. By way of example only, the parties will not produce their documents and electronically stored information in a single .pdf file. Furthermore, if requested to do so, the parties agree to reproduce any relevant electronic files that cannot be readily converted to a usable image format (including Excel files, Access files, database records, audio files such as voice mail), and photo and video

files in their native formats, retaining all metadata. For database records in proprietary systems, the parties will attempt to produce the records in Excel format if requested to do so.

In anticipation of litigation, the parties have taken reasonable steps to ensure the preservation of electronic data that may be relevant to the claims and defenses in this case. These steps include putting in place, and regularly ensuring compliance with, a “legal hold” to prevent the destruction of such data.

## 15. NEED FOR PROTECTIVE ORDER

*[the need for a Protective Order and/or ESI Protocol]*

The Plaintiff anticipates filing a protective order as needed for proprietary or trade secret information that may be sought by the Defendant through discovery.

## 16. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

(12/15/23 deadline to amend complaint)

(1/12/24 deadline for Defendants’ responsive pleadings to amended complaint)

(1/26/24 deadline for joinder of parties and amendments to pleadings)

*[Set time period within which to join other parties and to amend all pleadings. This deadline refers to timing only and does not eliminate the necessity to file an appropriate motion and to otherwise comply with Fed. R. Civ. P. 15. Unless otherwise ordered in a particular case, for good cause, this deadline should be no later than 45 days after the date of the scheduling conference, so as to minimize the possibility that late amendments and joinder of parties will*

*precipitate requests for extensions of discovery cutoff, final pretrial conference, and dispositive motion dates. Counsel and pro se parties should plan discovery so that discovery designed to identify additional parties or claims is completed before these deadlines.]*

b. Discovery Cut-off:

August 30, 2024.

c. Dispositive Motion Deadline:

September 27, 2024.

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

The parties anticipate reliance on expert witnesses.

2. Limitations which the parties propose on the use or number of expert witnesses.

Defendants propose limiting each party to one damages expert.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 21, 2024 deadline for initial expert disclosures *[This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do*

*Not Provide a Written Report" under Rule 26(a)(2)(C).]*

In addition, the parties propose a deadline for rebuttal expert disclosures to be July 23, 2024.

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before August 29, 2024. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

*[Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation unless the stipulation is in writing and approved by the court. In addition to the requirements set forth in Rule 26(a)(2)(B)(I)-(vi), the expert's written report also must identify the principles and methods on which the expert relied in support of his/her opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report.]*

d. Identification of Persons to Be Deposed:

Chris Folkerts, owner of Plaintiff company

GS Holistic, LLC, Plaintiff

The Pipe Joint LLC d/b/a The Pipe Joint, Defendant

Lisa Ajour, Defendant

Investigator

*[List the names of persons to be deposed and provide a good faith estimate of the time needed for each deposition. All depositions must be completed on or before the discovery cut-off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.]*

## 17. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times:

______March 1, 2024, 9:30 am_

b. A final pretrial conference will be held in this case on ____________at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 18. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None.

b. Anticipated length of trial and whether trial is to the court or jury.

The Plaintiff requests a jury trial in its Amended Complaint that it anticipates will last for 3-4 days.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street,

Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The parties agree that, when available and appropriate, the use of telephonic and/or other virtual means for holding hearings serves the interests of efficiently and economically litigating this matter.

*[Determination of any such request will be made by the magistrate judge based on the individual needs of the case and the availability of space and security resources.]*

**19. NOTICE TO COUNSEL AND PRO SE PARTIES**

*[The following paragraphs shall be included in the scheduling order:]*

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

**20. AMENDMENTS TO SCHEDULING ORDER**

*[Include a statement that the scheduling order may be altered or amended only upon a showing of good cause.]*

None.

DATED at Denver, Colorado, this 19th day of December, 2023.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

*s/ Ken Falkenstein*

Ken Falkenstein
6377 S. Revere Parkway
Suite 400
Centennial, CO 80111
303-999-9000

Attorney for Plaintiff

*s/ Nadav Aschner*

Nadav Aschner, Esq.
THE RODMAN LAW GROUP, LLC
600 S. Cherry St., Ste. 314
Denver, CO 80246
Ph: 720-663-0558

Attorney for Defendants